# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| VANCE LEWIS WHETSTONE, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0172-RWS-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:10-CV-2611-RWS |

## ORDER

This matter is currently before the Court on Movant Vance Lewis Whetstone's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 10); the Government's response thereto (Doc. 14); and Movant's request for appointment of counsel (Doc. 15).

## I. PROCEDURAL HISTORY

A criminal information charged Movant with possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(C). (Doc. 1). Movant waived his right to prosecution by indictment and pled guilty, pursuant to a negotiated plea agreement. (Docs. 2, 4). The plea agreement provides that Movant

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant]

may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Doc. 4, plea agreement ¶ 23). This provision of the plea agreement further provides that Movant may file a cross appeal if the Government appeals the sentence. (Id.). Movant signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 12-14).

At the plea hearing, Movant was sworn in and confirmed that he had not consumed any alcohol, narcotic drugs, medicine or pills within the past twenty-four hours and that he had not been treated recently for any mental illness or addiction. (Doc. 13 at 2, 7). The Court explained to Movant the rights he was giving up in pleading guilty, and Movant stated that he understood and was willing to give up those rights. (Id. at 8-11). The Government reviewed the terms of the plea agreement, including the appeal waiver, and Movant acknowledged that the Government had accurately described the agreement. (Id. at 11-13). Movant also confirmed his

2

understanding that the provisions of the agreement relating to his sentence were not binding on the Court and that he would not be permitted to withdraw his plea if the Court chose not to follow any sentencing recommendations. (Doc. 13 at 14-15).

Next, the Government described the elements of Movant's offense, and Movant confirmed that he understood those elements. (Id. at 15-17). Movant also agreed with the Government's description of what the evidence would show if the case went to trial, including that the offense involved 26 grams of cocaine, and Movant admitted that he had participated in the drug transaction described by the Government. (Id. at 17-21). Movant confirmed his understanding that he faced a possible maximum sentence of 20 years of imprisonment. (Id. at 22). The Court also discussed with Movant the Sentencing Guidelines and that the Guideline recommendation is only advisory, such that the Court could impose a sentence above or below that range. (Id. at 22-23). The Court then reviewed the terms of the appeal waiver and its consequences, and Movant acknowledged that he understood the effect of the waiver. (Id. at 23-24). Movant confirmed that he had been given enough time to talk with his counsel about his decision to plead guilty and was satisfied with counsel's representation. (Id. at 26). The Court then accepted Movant's plea, finding that it was knowing, informed, and voluntary. (Id. at 27).

3

On June 1, 2010, the Court sentenced Movant to 24 months of imprisonment. (Doc. 7). Movant did not appeal. On August 18, 2010, Movant, proceeding pro se, filed the instant motion to vacate his sentence claiming only that his counsel was ineffective for failing to "note, object, or appeal" the Court's "improper" drug quantity calculation.[1] (Doc. 10 at 6, Mem. at 1-5). The Government responds that Movant's claim is barred by his valid appeal waiver. (Doc. 14 at 7-9).

## II. MOTION FOR APPOINTMENT OF COUNSEL

Movant requests that counsel be appointed to represent him in this § 2255 proceeding. (Doc. 15). In federal habeas corpus proceedings, appointment of counsel is necessary only when due process or "the interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Movant has made no showing that either due process or the interests of justice requires the appointment of counsel in this case. Accordingly, Movant's request for appointment of counsel is denied.

---

[1] Contrary to the Government's assertion, Movant does not contend that his guilty plea was involuntary. Rather, Movant asserts that the appeal waiver does not bar his challenge to the Court's drug quantity calculation because it "constitutes a variance from the applicable Advisory Guideline Sentencing Range." (Doc. 10, Mem. at i, 1, 5).

## III. DISCUSSION

### A. General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

### B. Movant's Appeal Waiver

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). "[F]or

5

a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. (internal quotations omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

During the plea colloquy, the Court specifically questioned Movant about the appeal waiver, and it is clear that Movant understood the full significance of the waiver. (Doc. 13 at 12-13, 23-24). Based on the facts set forth in subsection I supra, the Court finds that Movant voluntarily and intelligently waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e. a Government appeal or a sentence that exceeds the Guideline range as calculated by the Court, do not apply here. Accordingly, Movant's ineffective-assistance claim is barred by his valid appeal waiver. See Williams, 396 F.3d at 1342. Moreover, Movant's claim fails in that he admitted, during the plea hearing, what the evidence would show if the case proceeded to trial, including that the

6

offense involved 26 grams of cocaine, and not the 19.1 grams that he now claims was involved in his offense. (Doc. 13 at 19-21). "[T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

## IV. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

7

further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The Court's finding that Movant's ground for relief is barred by his valid appeal waiver is not debatable. Accordingly, the Court declines to grant Movant a COA.

## V. CONCLUSION

For the foregoing reasons, this Court finds that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief, and thus, no evidentiary hearing is required. See Diaz, 930 F.2d at 834. Accordingly, Movant's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 10) is **DENIED**.

Additionally, Movant's request for appointment of counsel (Doc. 15) is **DENIED**.

Movant is also **DENIED** a certificate of appealability. Any request by Movant to seek a certificate of appealability should be directed to the United States Court of Appeals for the Eleventh Circuit.

**IT IS SO ORDERED** this  21st  day of December, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE